# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC SAMIEL STABILITO-MARTINEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 1:26-cv-04190-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS AND DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 9) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying Respondents' motion to dismiss and denying the petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States on August 5, 2021 and was apprehended upon arrival by the Department of Homeland Security ("DHS"). Petitioner was issued an order on release of supervision and a notice to appear. On December 15, 2025, Petitioner was arrested after a law enforcement officer found an open container of alcohol in Petitioner's vehicle. U.S. Immigration and Customs Enforcement ("ICE") was notified and took

\\\

custody of Petitioner pursuant to an immigration detainer. Petition at 4–5, Stabilito-Martinez v. Chestnut, No. 1:26-cv-01935-KES-EPG (E.D. Cal. Mar. 10, 2026), ECF No. 1.[1]

On March 10, 2026, Petitioner filed his first federal petition for writ of habeas corpus ("Petition I") in this Court. Petition, Stabilito-Martinez, No. 1:26-cv-01935-KES-EPG, ECF No. 1. On March 17, 2026, this Court granted Petition I "as to claim two"[2] and enjoined Respondents from detaining Petitioner "unless the government demonstrates, within fourteen (14) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified." Stabilito-Martinez v. Chestnut, No. 1:26-cv-01935-KES-EPG (HC), 2026 WL 766688, at *1, 2 (E.D. Cal. Mar. 17, 2026).

On March 25, 2026, an immigration judge ("IJ") conducted a bond hearing pursuant to this Court's order. The IJ found that the Department of Homeland Security ("DHS") had "met its burden of proof by 'clear and convincing' evidence that the Respondent is a danger to the community." (ECF No. 1-2 at 25.[3]) It appears Petitioner did not appeal the custody redetermination decision to the Board of Immigration Appeals ("BIA"). (ECF No. 1 at 5–6; ECF No. 9 at 1.)

On June 1, 2026, Petitioner filed the instant petition for writ of habeas corpus ("Petition II"), asserting the following claims for relief: (1) violation of the Accardi Doctrine with respect to 8 C.F.R. § 287.8(c)(2)(i) and (ii) because Petitioner was taken into DHS custody without a warrant; and (2) violation of due process due to the IJ's application of the incorrect burden and standard of proof at the bond hearing and the absence of an impartial tribunal. (ECF No. 1.) On June 8, 2026, Respondents filed a motion to dismiss. (ECF No. 9.) To date, no opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

---

[1] As the pleadings in the instant matter lack allegations regarding the factual background, the Court relies on the petition from Petitioner's earlier-filed case for this summary.

[2] The Court did not address Petitioner's other claims "as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two." Stabilito-Martinez v. Chestnut, No. 1:26-cv-01935-KES-EPG (HC), 2026 WL 766688, at *1 n.4 (E.D. Cal. Mar. 17, 2026).

[3] Page numbers refer to ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

### A. Successive Petition

Respondents argue that the instant petition should be dismissed pursuant to 28 U.S.C. § 2244(a). (ECF No. 9 at 2.) "However, § 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee . . . because § 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States.*'" Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (emphasis in original). Petitioner's immigration detention is "not pursuant to a judgment of a court of the United States. As such, the district court [would] err[] in applying AEPDA's gatekeeping provisions to [Petitioner]'s § 2241 petition." Barapind, 225 F.3d at 1111. Accordingly, the undersigned recommends finding that dismissal is not warranted pursuant to 28 U.S.C. § 2244(a).

The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

In both petitions, Petitioner asserts violation of the Accardi Doctrine with respect to 8 C.F.R. § 287.8(c)(2)(i) and (ii) because Petitioner was taken into DHS custody without a warrant. (ECF No. 1 at 25–26; Petition at 22–23, Stabilito-Martinez, No. 1:26-cv-01935-KES-EPG, ECF No. 1.) However, the Court declined to address this claim when it ruled on Petition I. Stabilito-Martinez, 2026 WL 766688, at *1 n.4. Petition II also raises a claim that could not have been raised in the previous petition—that the bond hearing Petitioner received pursuant to this Court's order was constitutionally inadequate. Accordingly, the undersigned recommends finding that dismissal is not warranted under the abuse of writ doctrine.

\\\

**B. Violation of Accardi Doctrine and 8 C.F.R. § 287.8(c)(2)(i) and (ii)**

Petitioner contends that "DHS took Petitioner into custody upon the Petitioner's release by the Salt Lake County Adult Detention Complex in Utah" and "did so without a judicial warrant" despite "no factual basis to conclude that Petitioner was 'likely to escape before a warrant could be obtained,' as required by 8 C.F.R. § 287.8(c)(2)(ii)." (ECF No. 1 at 25–26.)

8 C.F.R. § 287.8, entitled "Standards for enforcement activities," provides that a "warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). However, 8 U.S.C. § 1226 provides that the "Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Here, Petitioner had been released on conditional parole pursuant to 8 U.S.C. § 1226(a), and there was an original warrant of arrest. Petition Exs. A, B, Stabilito-Martinez, No. 1:26-cv-01935-KES-EPG, ECF No. 1-1 at 4, 7. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on Count I.

**C. Bond Hearing**

Petitioner argues that his bond hearing did not comply with due process:

> Here, the immigration judge placed the burden of proof on Petitioner to show negatives, that he is neither a flight risk nor a danger to the community, in violation of the Due Process Clause, as reflected in bond determinations issued on or about March 23, 2026, without requiring the government to justify continued detention by clear and convincing evidence and without providing a constitutionally sufficient individualized assessment of Petitioner's absence of a criminal record, the pending nature of the DUI charge, his consistent compliance with immigration court appearances, and the availability of less restrictive alternatives to detention.

(ECF No. 1 at 27.)

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v.*

> *Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[T]he determination whether an alien is 'dangerous' for immigration-detention purposes is a mixed question of law and fact and is reviewable as a 'question of law.'" Id. at 779. "When questions require a close review of agency-found facts, like the 'dangerousness' determination, we review for an abuse of discretion." Id. at 784. "Under an abuse of discretion standard, 'we cannot reweigh evidence ... [but] can [only] determine whether the BIA applied the correct legal standard.'" Id. at 785 (alterations in original) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)).

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
> > (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> *Id.*

Martinez, 124 F.4th at 783. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). "Any evidence in the record that is probative and specific can be considered." Id. at 40–41.

Courts have found that an "IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on . . . evidence that 'bear little if any relevance' to Petitioner's risk of flight, while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts." Perez Velasquez v. Bondi, No. 26-cv-01759-GPC-DDL, 2026

WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026) (quoting Matter of Patel, 15 I. & N. Dec. 666, 666–67 (BIA 1976)). See Perez Velasquez, 2026 WL 1042479, at *6 ("IJ considered only Petitioner's reliance on public assistance, driving without a license, and failure to pay taxes as evidence supporting a finding of flight risk."); Lemus Crispin v. Bondi, No. 1:26-cv-191 (LMB/WEF), 2026 WL 768859, at *5, 6 (E.D. Va. Mar. 18, 2026) (finding IJ "relied upon three facts that do not pass constitutional muster": "unlawful status," "working in the United States without authorization," and "potential inconsistencies in Lemus's tax returns").

Here, the IJ expressly stated that DHS satisfied the burden of proof by clear and convincing evidence. (ECF No. 1-2 at 22, 25.) The IJ properly considered Petitioner's criminal record, which is one of the Guerra factors. Because the IJ was entitled to place some weight on Petitioner's criminal record in the analysis of dangerousness, "the Court generally lacks jurisdiction to review whether they placed too much." Kharis v. Sessions, No. 18-cv-04800-JST, 2018 WL 5809432, at *8 (N.D. Cal. Nov. 6, 2018) (citing Sales v. Johnson, 323 F. Supp. 3d 1131, 1139 (N.D. Cal. 2017)). Based on the foregoing, the undersigned recommends finding that Petitioner is not entitled to habeas relief on this ground.

Petitioner also argues that the IJ erred in failing to consider the availability of less restrictive alternatives to detention. (ECF No. 1 at 27.) The Ninth Circuit has rejected this argument:

> Nowhere in *Singh* did we suggest that due process also mandates that immigration courts consider release conditions or conditional parole before deciding that an alien is a danger to the community. *Singh* offers the high-water mark of procedural protections required by due process, and we see no reason to extend those protections any further here.

Martinez, 124 F.4th at 786 (distinguishing Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017), which found "Plaintiffs are likely to succeed on their challenge under the Due Process Clause to the government's policy of allowing ICE and IJs to set immigration bond amounts without considering the detainees' financial circumstances or alternative conditions of release," because Hernandez "rel[ied] on [an] *absence* of dangerousness or flight-risk determination in

\\\

[its] procedural due process analysis"). Accordingly, the undersigned recommends finding that Petitioner is not entitled to habeas relief on this ground.

Petitioner also argues that "the immigration courts are structurally not impartial tribunals. Immigration courts are part of the Executive Branch's detention and removal system." (ECF No. 1 at 27.)

> To establish a due process violation, Petitioner must show (1) "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case," and (2) "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citation omitted). Petitioner can meet this burden by showing "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (internal quotation marks and citation omitted), but "a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough," *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

Mata-Yanez v. Bondi, No. 23-1329, 2025 WL 3014219, at *1 (9th Cir. Oct. 28, 2025). "Petitioner does not supply evidence of bias by this Immigration Judge in this particular proceeding." Nasr v. Warden of Golden Annex Det. Facility, No. 1:26-cv-01376-DJC-JDP, 2026 WL 1396636, at *2 (E.D. Cal. May 19, 2026). Accordingly, the undersigned recommends finding that Petitioner is not entitled to habeas relief on this ground.[4]

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED; and
2. Respondents' motion to dismiss (ECF No. 9) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

---

[4] In light of the Court's conclusions, the Court declines to address Respondents' argument that the petition should be dismissed for failure to exhaust administrative remedies.

written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 14, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE